

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 9, 1970

Hon. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-593

Re: Whether consolidation
election was properly called
pursuant to Sections 19.231
through 19.234, Texas Educa-
tion Code, and related
questions.

Dear Dr. Edgar:

By recent letter you have requested an opinion from this
office. We quote from your letter as follows:

"Petitions requesting that a consolidation
election be called to determine whether Pond Springs
Common School District and Round Rock Independent
School District be consolidated were presented to the
County Judge of Williamson County in early November,
1969. The order calling for the election in each
district was issued by such Williamson County Judge,
and the Commissioners Court of Williamson County can-
vassed the returns and declared the result of the
election(s); viz., that each of the districts voted for
consolidation and the districts are consolidated. The
30-day election contest period has expired without any
questions being raised as to the validity of the
proceedings.

"Both districts at the time involved were county-
line districts, both having territory extending into
Williamson and Travis counties, and Williamson County
had the necessary jurisdiction to accept the petitions
and call the elections involved.

-2824-

Dr. J. W. Edgar, page 2 (M-593)

"The Round Rock Independent School District proposes to call and hold a school bond election within the immediate future, thus it becomes imperative that the district shall know its proper boundaries so that proper residents, if otherwise qualified, may be permitted to vote. The Board of Trustees of this district has requested that an opinion be obtained from the Office of Attorney General on the following questions:

"1. Under applicable provisions of the Texas Education Code, was the consolidation election properly called?

"2. May the validity of the election now be questioned?"

Subsequent to your opinion request, we have received copies of orders of the Williamson County School Board of 1949 showing the following facts surrounding the acquisition of jurisdiction by Williamson County which are as follows: In 1949 the Oak Grove Common School District of Travis County was consolidated with Pond Springs Common School District of Williamson County and Williamson County acquired supervision and control of the new Pond Springs District. Also, in 1949 part of the Merrilltown Common School District of Travis County was consolidated with the Round Rock Independent School District of Williamson County, and Williamson County acquired supervision and control of the new Round Rock district.

This opinion does not pass upon the validity of these prior consolidations, but in the event there is some question about the validity, it appears Article 2815g-40, Vernon's Civil Statutes, would validate the consolidations and you are referred to that article.

The applicable provisions of the Texas Education Code for consolidation of a county line independent school district (Round Rock) and a county line common school district (Pond Springs) are found in Sections 19.231 through 19.234 of Chapter 19 of the Code. Sections 19.231 through 19.234 are quoted, in part, as follows:

-2825-

"19.231. Districts Which May Consolidate

"(a) Subject to the limitation of Subchapter K of this chapter, any of the following groups of school districts may, by the procedure described in this sub-chapter, consolidate into a single school district:

"1. ....

"2. ....

"3. One or more independent or county-line independent school districts and one or more common or county-line common school districts constituting as a whole one continuous territory;

"4. ....

"5. ....

"(b) The combined districts may all be located wholly within a single county, or they may be located in adjoining counties; or the combined districts may be composed of one or more districts located wholly within one or more counties and one or more county line districts."

"19.232. Petition

"A petition signed by 20 or a majority of the legally qualified voters of each of the several contiguous school districts proposed to be consolidated and praying for an election to authorize the consolidation shall be presented to the county judge of the county in which the school districts are located, <u>or if one or more districts to be consolidated is a county line district, to the county judge of the respective county or counties having jurisdiction thereof</u>." (Emphasis added.)

"19.233. Election Order: Notice

"<u>Upon the receipt of a petition</u> fulfilling the qualifications of Section 19.232 of this code, <u>each county shall</u>:

"(1) Issue an order for an election ....; and

"(2) Give notice for the date and purpose of the election ..." (Emphasis added.)

It is necessary in answering your first question to deal with two problems: (1) Whether the petitions were presented to the proper party or parties, and (2) Whether the proper party or parties ordered the election.

As emphasized in the underlined language of Section 19.232(b), the petition for calling the election must be presented to the county judge or judges having jurisdiction of the school districts in question.

"Jurisdiction" apparently relates back to the jurisdiction or control established at the time the school district or districts were initially created. In the case of a county line school district, Section 19.101 of the Education Code (originally Article 2743, V.C.S.) provides:

> "(d) The county governing board of each county having territory included in the proposed district shall pass an order which shall:
> "1. ....
> "2. ....
> "3. ....
> "4. ....
> "5. ....
> "6. <u>Designate and name one of the counties having territory included in the description of the proposed district which shall manage and have control of the public schools of the county line district for all school purposes</u>.

> "(e) The proposed district shall be deemed created and established when the order described in Subsection (d) of this section has been passed by the county governing board of each county having territory included therein." (Emphasis added.)

Also, we believe it pertinent to note Section 19.104 of Chapter 19 of the Education Code (originally Article 2745a, V.C.S.). Section 19.104 provides:

> "All persons who are otherwise qualified to vote in an election involving a school district question and who reside in a county line school district shall be entitled to vote at any such election involving the school district <u>regardless of whether such voters reside in the county having management and control of the county line district</u>." (Emphasis added.)

It seems clear from an analysis of the above quoted Article that when a county line common school district (Pond Springs) is created the various county officials agree by entering various orders that a certain county will have "jurisdiction" is what is referred to in Section 19.232 quoted above.

Therefore, under the facts presented, the petition of the qualified voters of the Pond Springs district was properly presented to the County Judge of Williamson County, he having the requisite jurisdiction.

Insofar as the Round Rock county line independent district is concerned, the facts show that in 1949 this school district became a county line school district when a common school district in Travis County was consolidated with an independent district in Williamson County. The consolidation order conferred supervision and control of the school district upon Williamson County.

Therefore, under these facts, it seems clear that the Williamson County Judge had the necessary "jurisdiction" under Section 19.232 to accept the petition from the qualified voters of the Round Rock County Line Independent School District.

The second problem to be resolved is whether the proper party or parties ordered the election pursuant to Section 19.233 of the Education Code. Section 19.233 is quoted above on page 3. The pertinent language of Section 19.233 states:

> "Upon the receipt of a petition fulfilling the qualifications of Section 19.232 of this Code, each county shall ..."

Although Section 19.233 speaks in terms of the <u>county</u> ordering the election, it remains to be determined whether the Williamson County Judge or the Williamson Commissioners Court are authorized to order the election.

While a county generally speaks and acts through its Commissioners Court (15 Tex. Jur.2d, Section 36, pages 264-265), it is nevertheless our opinion that the Legislature intended, in using the above quoted language, to require that the County Judge order the election.  In construing Sections 19.233 and 19.232, we look to their original enactment, Article 2806, Vernon's Civil Statutes, under the provisions of which the <u>County Judge</u> was specifically required to order the election upon presentation of a proper petition.

Also, we look to Section 1.03 of the Education Code, which makes it clear that it was the intent of the Legislature to codify existing law.  Thus, where there is a question of statutory construction, we must consider the law existing when the code was enacted as applicable rather than to adopt a construction not in harmony therewith.

It is further observed, in support of our conclusion, that the ordering of the election is a ministerial duty not requiring the exercise of any discretion of the Commissioners Court, and the petition requesting the election is also required to be presented to the County Judge in the first instance.

It is therefore the opinion of this office that the first question should be answered in the affirmative.  The petition was presented to the proper official, the County Judge of Williamson County, and he was the proper official to order the election.

In light of our answer to your first question, an answer to your second question becomes unnecessary.

## S U M M A R Y

Under the facts presented, the Williamson County Judge was the proper official to receive an election petition (Section 19.232, Texas Education Code); he was also the proper official to order the election (Section 19.233, Texas Education Code) to consolidate the Round Rock County Line Independent School District and the Pond Springs Common County Line School District.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
Bill Allen, Acting Co-Chairman

Pat Bailey
Jack Goodman
Vince Taylor
Alan Minter

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant